UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JORGE MORALES,
    Petitioner,

v.

UNITED STATES,
    Respondent.

No. 3:12-cv-194 (SRU)

# RULING ON MOTION FOR DISCOVERY

The petitioner, Jorge Morales, has filed a motion for leave to serve requests for admissions.[1]  Doc. 4.  Morales seeks his former counsel's answers to the following questions:

(1) Was counsel under any pain medication, considered to be controlled substance, while representing Movant before the district court; if so, which medication(s)?

(2) Did counsel ever make an independent examination of the investigative reports, and 302 reports to make his own calculation of drugs foreseeable by Movant?

(3) Was counsel's robing room meeting with the Honorable Alan H. Nevas concerning a judicial offer of a specific sentence to be imposed?

(4) Was counsel's initial intention on appeal to file an Ander's brief?

(5) Was counsel relying on Movant for the development of the issue to be raised on appeal?

The petitioner previously filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255; that motion is still pending.  In his section 2255 motion, Morales argues that he is entitled to relief because:

(1) The sentencing court erred when it failed to make specific findings of drug amounts attributed and foreseeable by movant.  Furthermore, he argues that his counsel was ineffective for failing to adequately prepare himself to address the court as to this relevant conduct inquiry.

(2) There was a defective filing of a notice of prior convictions under 21 U.S.C. § 851.

---

[1] Although the petitioner describes his requests as "requests for admission," the discovery sought is more akin to deposition by written question.

(3) The district court violated Federal Rule of Criminal Procedure 11(e)(1) when it became a participant and intervened in the plea negotiations. Morales further argues that his counsel was ineffective, because he failed to notify the court of the Rule 11(e)(1) violation.

(4) The district court erred when it failed to order, *sua sponte*, a *Factico* hearing to determine disputed facts relevant to sentencing, namely drug quantity. Morales also argues that his counsel was ineffective for failing to request a *Factico* hearing.

(5) His counsel was ineffective for failing to object to the miscalculation of Morales' criminal history category.

(6) His counsel was ineffective for failing to prepare an appeal brief.

(7) Finally, Morales argues that his counsel's cumulative errors and omissions denied his Sixth Amendment right to the effective assistance of counsel.

Under the Rules Governing Section 2255 Proceedings for the United States District Court, a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a).

Because much of Morales' motion concerns his counsel's allegedly ineffective assistance, I find that his discovery requests (2), (3), (4), and (5) are appropriate. Accordingly, doc. 4 is GRANTED with regard to those questions. Morales will now need to serve the stated questions, along with a copy of this order, on Attorney Richard C. Marquette.

I find request (1) to be irrelevant, because ineffective assistance is an objective standard: the reasons for counsel's actions are irrelevant. Accordingly, doc. 4 is DENIED with regard to questions (1).

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of August 2012.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge